UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

        Plaintiff,

v.   CASE NO.

BERMUDIANA CONDOMINIUM ASSOCIATION, INC.,
BERMUDIANA, LLC and CC & SEG, INC.,

        Defendants.
_____/

## COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the Defendants, Bermudiana Condominium Association, Inc., Bermudiana, LLC and CC & SEG, Inc., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

## VENUE

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3. Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012. Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the mobility-related ADA violations that exist at the Property, including those set forth in this Complaint.[1] Plaintiff intends to return to the Property soon to avail himself of the goods and services offered to the public at the Property.

4. Defendants transact business in this judicial district within the State of Florida by, inter alia, being the manager and operator of the exterior of the Property, i.e., the exterior walkways, routes and parking of a shopping center and office complex known as Bermudiana Plaza located at the northeast corner of University Boulevard and Military Trail including 4575 Military Trail in Jupiter, Florida (including the adjoining grounds servicing the shopping center and office complex) and the owner of Suite 101A housing a restaurant commonly known as CG Burgers. Specifically, Bermudiana Condominium Association, Inc. manages and operates the exterior of Bermudiana Plaza, Bermudiana, LLC owns Suite 101A

---

[1] The term "ADA violations", as used herein, means that the physical elements at issue violated the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

located at 4575 Military Trail in Jupiter, Florida and CC & SEG, Inc. owns and operates CG Burgers in Suite 101A at 4575 Military Trail in Jupiter, Florida.

### CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[2]

8. The Property is a place of public accommodation pursuant to the ADA.

---

[2] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

3

9. Most recently, in March, 2017 Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disability due to the mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including the ADA violations set forth in this Complaint and the failure to have a policy regarding the valet and parking accommodations of vehicles utilized by wheelchair bound patrons.

10. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the mobility-related provisions of the ADA.

11. Plaintiff intends to visit the Property again in the near future in order to test the Property for compliance with the mobility-related provisions of the ADA and to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property.

12. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants implement policies, consistent with the ADA, to accommodate the disabled and are compelled to remove all mobility-related barriers that exist at the Property, thus making the Property accessible to Plaintiff, as required by the ADA.

## COUNT I – FOR INJUNCTION AGAINST
## BERMUDIANA CONDOMINIUM ASSOCIATION, INC.

13. Plaintiff realleges and reavers paragraphs 1 through 12 above as if fully set forth herein.

14. A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable sections of the STANDARDS are also denoted[3]):

   a) Non-compliant accessible routes including excessive slopes and cross slopes and to safely connect various buildings at the Property and to safely connect the disabled person parking spaces and access aisles with the various corresponding retail promenades and tenant entrances (in violation of STANDARDS 206, 402, 403, and 404);

   b) Non-compliant disabled person parking spaces and access aisles including but not limited to improper dispersion throughout the retail shopping complex, lack of proper connection to suite entrances and excessive slopes (in violation of STANDARDS 208 and 502);

   c) Non-compliant ramps (in violation of STANDARD 406) and

   d) Non-compliant doors and maneuvering spaces at suite entrances (in violation of STANDARD 404).

15. Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires an inspection of the Property by an ADA expert to articulate all of Bermudiana Condominium Association, Inc.'s specific violations of the STANDARDS relevant to Plaintiff's disability.

---

[3] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

16. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C. §12183(a)(1).

17. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Bermudiana Condominium Association, Inc. is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at the Property, including those set forth herein.

18. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Bermudiana Condominium Association, Inc., including litigation expenses and costs pursuant to 42 U.S.C. §12205.

19. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Bermudiana Condominium Association, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, Bermudiana Condominium Association, Inc., from continuing its mobility-related discriminatory practices, ordering Bermudiana Condominium Association, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter the subject Property to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST
## BERMUDIANA, LLC AND CC & SEG, INC.

20. Plaintiff reallages and reavers paragraphs 1 though 12 above as if fully set forth herein.

21. A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access CG Burgers and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of CG Burgers, includes (the applicable sections of the ADA STANDARDS ("STANDARDS") are also denoted[4]):

- a) Lack of compliant disabled person directional signage (in violation of STANDARD 216 and 703.4.2);

- b) Lack of disabled person seating spaces (in violation of STANDARDS 226 and 902);

- c) Non-compliant bar and ordering and pickup counters whose height are in excess of the maximum heights allowable (in violation of STANDARDS 226, 227, 902 and 904) and

- d) Non-compliant restroom including but not limited to non-compliant lavatory (in violation of STANDARDS 213, 603 and 604);

22. Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at CG Burgers in violation of the ADA, Plaintiff requires an inspection of CG Burgers by an ADA expert to articulate all of Bermudiana, LLC's and CC & SEG, Inc.'s specific violations of the STANDARDS relevant to Plaintiff's disability.

---

[4] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

23. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C. §12183(a)(1).

24. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Bermudiana, LLC and CC & SEG, Inc. are required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at CG Burgers, including those set forth herein.

25. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Bermudiana, LLC and CC & SEG, Inc., including litigation expenses and costs pursuant to 42 U.S.C. §12205.

26. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Bermudiana, LLC and CC & SEG, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter CG Burgers to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendants, Bermudiana, LLC and CC & SEG, Inc., from continuing their mobility-related discriminatory practices, ordering them to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter CG Burgers to make it readily accessible to and usable by Plaintiff to the full

extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No: 782246
E-mail: DML2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: lsarkin@aol.com
Attorneys for Plaintiff
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837